IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOTTOM LINE CONCEPTS, LLC,

Plaintiff,

v. Civil Action No.: 1:26-cv-02200

DSWC INC.,
OAKLYFE LLC,
CCSAC INC.,

Defendants.

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### Introduction

Plaintiff purports to bring a breach of contract claim based upon a contract dated January 26, 2022, under the terms of which Plaintiff claims that it is entitled to payment for assisting Defendants in obtaining an Employee Retention Credit ("ERC"). The ERCs pertain to the year of 2021, when such ERCs were available.

Plaintiff's claims, filed under Maryland law, are time barred. Maryland law provides for a three-year statute of limitation for a breach of contract claim. By waiting until April 20, 2026, approximately 5-years after the claims accrued, Plaintiff's right to seek judicial intervention expired.

### Argument

Standard:

A motion to dismiss may be pursued where there are no facts that will entitle the Plaintiff to relief, and movant will prevail on a motion to dismiss if, as a matter of law, the plaintiff can prove no set of facts that would entitle him to relief. *Herlihy v. Ply-Gem Indus., Inc.*, 752 F. Supp. 1282, 1285 (D. Md.1990) (Harvey, J.). Statutes of limitations defenses are recognized as

appropriate grounds for granting a motion to dismiss where the defense is apparent from the face of the complaint. *See Pantry Pride Enterprises, Inc. v. Glenlo Corp.*, 729 F.2d 963, 965 (4th Cir. 1984).

When ruling on a motion to dismiss, the court must consider well-pled allegations in a complaint as true. *Jenkins v. McKeithen,* 395 U.S. 411, 421-22, 89 S. Ct. 1843, 23 L. Ed. 2d 404 (1969). Allegations are to be construed in favor of the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974). Courts need not, however, assume the truth of legal conclusions couched as factual allegations. *See Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *see also Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994) (citing *Papasan* and noting that the court is not required to accept conclusions that doubt reasonably be drawn from the facts alleged). The court may review documents not attached to the Complaint which are integral, and relied upon, in preparing the Complaint, and where there is no dispute as to the authenticity of the records. *Blankenship v. Manchin,* 471 F.3d 523, 526 n.1 (4th Cir. 2006).

The purpose of FED. R. CIV. P. 12(b)(6) is to "streamline litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams,* 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

<u>Plaintiff's Claims are Time Barred:</u>

Under Maryland law, a plaintiff must bring a claim within three years of its accrual, unless the claim could not, despite due diligence, have been discovered, or unless there is a basis for tolling the statute of limitations. Specifically, MD. CODE ANN., CTS. & JUD. PROC. § 5-101 (1998) provides: "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."

Under current Maryland law, a claim will not accrue until a plaintiff knows or reasonably should know of the wrong. *Poffenberger v. Risser,* 290 Md. 631, 431 A.2d 677, 680 (1981); *see*

*also Ten-X, Inc. v. Pasha Realty Holdings, LLC*, DLB-21-562, 2022 WL 1273132 at *2 (D. Md. Apr. 28, 2022).

As applied to the instant case, Plaintiff alleges that the parties entered into a written contract on January 26, 2022. Compl. ¶ 7. Plaintiff further alleges that Defendants received substantial ERC refunds: CCSAC received $1,189,642.29, DSWC received $235,394.46, and Oaklyfe received $104,154.63. Compl. ¶ 9-14.

CCSAC was invoiced for its refund on April 17, 2023. (Greenman Dec. Ex. 1.)

Oaklyfe was invoiced for its refund on April 14, 2023. (Greenman Dec. Ex. 2.)

DSWC was invoiced for its refund on January 29, 2025, but its refund was issued December 20, 2022. (Greenman Dec. Ex. 3, 4.)

Under the terms of the Contract, "Consulting Fees shall be paid by Client to Bottom Line within thirty (30) days of Client receiving any Refund." Compl. at Exhibit 1, section C.2.

Plaintiff knows when its claims accrued: it sent invoices and assisted in preparing the paperwork required to obtain the refunds. As to CCSAC, the last day to initiate litigation under Maryland law was three years following the invoice (which is due upon receipt); or April 17, 2026. As to Oaklyfe, the last day to initiate litigation was April 14, 2026. As to DSWC, the last day to initiate litigation was January 19, 2026 (30 days and 3 years following the refund check).

Plaintiff elected to sit on its rights and take no action, failing to file suit until April 20, 2026, despite clearly being aware of its rights to claim payment. The Complaint fails to include any facts that would support a tolling of the statute of limitation. No such facts exist, because Plaintiff delivered invoices to Defendants and, according to its Complaint, performed its obligations by assisting Defendants to obtain ERC refunds. Plaintiff's decision to sit on its rights, and wait more than three years before filing its Complaint, precludes it from obtaining relief.

Quite simply, Plaintiff's claims are time barred and the Complaint must be dismissed.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice and grant any other relief it deems proper.

DSWC, INC.
OAKLYFE LLC
CCSAC INC.

*/s/ James R. Harvey*
Of Counsel

James R. Harvey (Atty Id. 1006100006)
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: 757-446-8600
Facsimile: 757-446-8670
James.Harvey@woodsrogers.com

Tyler R. Dowdall, (*Pro Hac Vice* forthcoming)
Tarter Krinsky & Drogin LLP
1880 Century Park East, Suite 1104
Los Angeles, California 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465
tdowdall@tarterkrinsky.com

*Counsel for Defendants*