BottomLine
CONCEPTS
We audit for refunds & negotiate for savings

THIS CONSULTING AGREEMENT (hereinafter “Agreement”) is made and entered into this January 25, 2022 by and between Bottom Line Concepts, LLC (“Bottom Line”), a New York limited liability company, and DSWC Inc. (retail), Oaklyf LLC (retail), Community Health Solutions Inc (retail), ECWC Partners Inc (retail), Bryant Wellness Partners Inc (retail), CCSAC Inc (manufacturing), NUG Inc. (parent company, executive functions) (Client”) (collectively the “Parties”).

**WHEREAS**, Bottom Line offers consultation to seek refunds for CARES Act programs, including Employee Retention Credits, and;

**WHEREAS**, Client desires to engage Bottom Line as a cost savings consultant in connection with CARES Act programs, and;

**NOW, THEREFORE**, in consideration of the covenants and agreements set forth herein, and other good and valuable consideration, the Parties agree as follows:

## A. DEFINITIONS

1. “Client Information” shall be any and all of Client’s documents relevant and necessary to achieve Refunds.
2. “Consulting Fees” shall be the compensation due to Bottom Line for its services, calculated as a percentage of Refunds.
3. “Deliverable” or “Deliverables” shall be the assessments, recommendations, strategies, protocols, processes, procedures and/or initiatives provided by Bottom Line to Client in order to achieve Refunds.
4. “Realized Benefit” shall be any Refund.
5. “Refund” or “Refunds” shall be any and all one-time cash credits, rebates, recoveries, discounts, or any other type of monetary benefit received by Client as a result of the implementation of the Deliverables.

## B. DUTIES AND OBLIGATIONS

1. Bottom Line agrees to evaluate the available Refunds in connection with the CARES Act, including but not limited to any Employee Retention Credits.
2. To effectively evaluate potential Refunds, Client agrees to promptly provide Bottom Line its Client Information necessary to determine potential Refunds.
3. Once Bottom Line identifies any potential Refunds, Bottom Line shall present its Deliverables to Client.

4. Should Client wish to implement Bottom Line's Deliverables, Client shall confirm that it wants Bottom Line to implement the Deliverables.
5. Bottom Line shall then implement its Deliverables to achieve Realized Benefits.

**C. CONSULTING FEES**

1. Client agrees to pay Bottom Line a Consulting Fee of 30% of any Refunds.
2. Consulting Fees shall be paid by Client to Bottom Line within thirty (30) days of Client receiving any Refund.
3. Any Consulting Fee not paid within thirty (30) days of receipt of any Refund by Client shall accrue interest at the rate of 1.5% per month.

**D. CLIENT REPRESENTATIONS**

By reporting certain wages, health care and pension expenses to Bottom Line as “qualified wages” and directing Bottom Line to claim the Employee Retention Tax Credit on Client’s behalf for the applicable quarter(s), Client represents the following:

1. Client will provide Bottom Line with documentation sufficient to substantiate Client’s eligibility for the Employee Retention Tax Credit upon request.
2. Client agrees to indemnify, protect, defend, release, and hold harmless Bottom Line, from and against any liability, expenses, losses, fines, penalties, and claims for damages incurred with respect to claiming the Employee Retention Tax Credit on Client’s behalf.
3. Client acknowledges and understands that (i) Bottom Line is relying solely upon the information and representations contained in this Attestation and upon any other information which has been furnished by the Client to demonstrate its eligibility for the Employee Retention Tax Credit, (ii) Bottom Line is not able to independently verify any such information and representations, and (iii) Bottom Line has not otherwise independently determined, or provided any advice with respect to, Client’s eligibility for the Employee Retention Tax Credit.
4. No termination or expiration of the Consulting Agreement (“Agreement”) entered into by and between Client and Bottom Line affects or impairs any obligations, duties, indemnities, and liabilities under these representations. Such obligations, duties, indemnities, and liabilities shall not terminate or expire, but rather survive the termination or expiration of the Agreement.

**E. NON-CIRCUMVENT**

Client shall refrain from implementing any Deliverable without the express written consent of Bottom Line. Should Client implement any Deliverable without Bottom Line’s written consent after execution of this Agreement, Client shall be required to pay Bottom Line its Consulting Fee as though Bottom Line implemented the Deliverable.

**F. AUDIT RIGHTS**

Bottom Line shall be provided access as reasonably needed to Clients Information in order determine whether any Refund has been received by Client. This Audit Right survives termination of this Agreement for a period of one (1) year.

## G. INDEPENDENT CONTRACTOR

This Agreement does not create any partnership or joint venture between the parties, not constitute either party as the agent or legal representative of the other for any purpose. The relationship of Bottom Line and Client shall be one of independent contractor. Neither party has the right or authority to create any obligation or responsibility, express or implied, on behalf of the other, or to bind the other in any manner whatsoever.

## H. CONFIDENTIALITY

In connection with this Agreement each party may receive or have access to Confidential Information concerning the other Party, including, but not limited to, financial information, trade secrets, and methods, which is non-public and may be proprietary in nature. All such information, together with all non-public information concerning a Party and all information concerning this Agreement, is referred to as “Confidential Information.” Each Party shall use the other’s Confidential Information solely for the purposes of performing its obligations under this Agreement and shall not use any such Confidential Information for its own purposes, and shall not disclose Confidential Information except (i) to its employees, officers, directors, affiliates, and advisors on an as-needed basis in connection with the performance under this Agreement, and in the case of Bottom Line to vendors with providing Deliverables to Client, and (ii) as otherwise required by an regulatory authority, law or regulation, or by legal process. Client understands and agrees that Bottom Line may on its website and in its marketing materials identify Client as a client of Bottom Line and, in connection, may display Client’s logo, and any license or permission with respect to the same is hereby granted without any liability of any kind to Bottom Line.

## I. TERM OF AGREEMENT

The initial term of this Agreement shall be for one (1) year, and then shall continue on a month-to-month basis until terminated by either party.

## J. MISCELLANEOUS

1. This Agreement shall be governed by and construed in the accordance with the laws of the United States and the State of Maryland regardless of the substantive law that might otherwise govern under applicable choice-of-law principles.
2. The Parties agree to submit to the exclusive jurisdiction of any claim or dispute to be determined in the federal and state courts for Montgomery County, Maryland for any claim or dispute arising out of or relating to this Agreement and waive all objections to the selection of such venue.
3. In the event that any party institutes any legal suit, action or proceeding, against the other party arising out of or relating to this Agreement, the prevailing party in such suit, action or proceeding shall be entitled to receive, in addition to all other damages to which it may be entitled, the costs incurred by the prevailing party in connection with the suit, action or proceeding, including reasonable attorneys’ fees and expenses.
4. This Agreement constitutes the entire agreement between the Parties with respect to the subject matter herein and supersedes all prior agreements or understandings.
5. This Agreement shall not be amended or modified unless agreed to in writing by both Parties.
6. This Agreement may be executed and delivered electronically and in counterparts as though signed in full.

**IN WITNESS ABOVE,** the Parties hereto have entered into this Agreement on the date set forth above.

**BOTTOM LINE CONCEPTS, LLC**

**By**: Josh Fox
**Title**: CEO

**CLIENT**

DSWC Inc. (retail), Oaklyf LLC (retail), Community Health Solutions Inc (retail), ECWC Partners Inc (retail), Bryant Wellness Partners Inc (retail), CCSAC Inc (manufacturing), NUG Inc. (parent company, executive functions)

# Signature Certificate

Reference number: YWZZ3-AAPXB-UKT3P-KARJR

| Signer | Timestamp | Signature |
|---|---|---|
| **John Oram**<br>Email: john@nug.com | | John Oram |
| Sent: | 26 Jan 2022 19:44:37 UTC | IP address: 76.126.183.47 |
| Viewed: | 26 Jan 2022 19:51:37 UTC | Location: Berkeley, United States |
| Signed: | 26 Jan 2022 20:31:26 UTC | |

Document completed by all parties on:
26 Jan 2022 20:31:26 UTC

Page 1 of 1

**Signed with PandaDoc**

PandaDoc is a document workflow and certified eSignature solution trusted by 30,000+ companies worldwide.