IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOTTOM LINE CONCEPTS, LLC,

Plaintiff,

v. Civil Action No.: 8:26-cv-02200-PX

DSWC INC., and
CCSAC INC.,

Defendants.

## ANSWER TO AMENDED COMPLAINT

Defendants DSWC INC. ("DSWC") and CCSAC INC ("CCSAC", collectively with DSWC known as the "Defendants"), by and through their counsel, hereby submit this Answer to Plaintiff's Amended Complaint (ECF 11), and state as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint and, therefore, deny those allegations.

2. Defendants admit that Defendant DSWC Inc. is a California corporation with its principal place of business located in the State of California.

3. Defendants admit that Defendant CCSAC Inc. is a California corporation with its principal place of business located in the State of California.

4. Defendants admit that the action was originally filed in the Circuit Court for Montgomery County, Maryland, and that Defendants filed a Notice of Removal.

5. Paragraph 5 of the Amended Complaint refers to and purports to quote a written document, the terms of which speak for itself, and Defendants defer to the terms of the document. Defendants deny that Plaintiff's summary of the terms of the document are accurate.

6. Paragraph 6 states a legal conclusion as to which no response is required. To the extent that a response is required, Defendants deny the allegations.

7. Defendants deny the allegations of paragraph 7 of the Amended Complaint.

8. Defendants deny the allegations of paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations of paragraph 9 of the Amended Complaint.

10. Defendants admit the allegations of paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations of paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations of paragraph 12 of the Amended Complaint. Defendants deny that Plaintiff has any contractual right to demand that Defendant DSWC complete an IRS Form 8821.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the delayed discovery allegations of paragraph 13 of the Amended Complaint and, therefore, deny them. Defendants deny that Plaintiff is owed a consulting fee.

14. Defendants deny the allegations of paragraph 14 of the Amended Complaint.

15. Paragraph 15 of the Amended Complaint refers to and purports to quote a written document, the terms of which speak for itself, and Defendants defer to the terms of the document. Defendants deny that Plaintiff's summary of the terms of the document are accurate.

**PRAYER FOR RELIEF**

16. In response to the Prayer for Relief in the Amended Complaint, including the Wherefore clause and all subparagraphs, the Defendants deny that Plaintiff has any claims or is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. Defendants incorporate by reference the foregoing paragraphs in their entirety and assert the following affirmative defenses to the claims set forth in the Amended Complaint. Defendants reserve the right to allege additional Affirmative Defenses as they become known, and accordingly, to amend this Answer.

## FIRST AFFIRMATIVE DEFENSE

2. As a separate and first affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that the Amended Complaint fails to state a claim upon which relief may be granted. In particular, the Amended Complaint fails to provide sufficient factual support for any of the claims from which the Court could conclude that Defendants are liable for any claim.

## SECOND AFFIRMATIVE DEFENSE

3. As a separate and second affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that the Amended Complaint is barred, in whole or in part, by the doctrines of acquiescence, waiver, estoppel, laches, and/or the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

4. As a separate and third affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that the Amended Complaint is barred, in whole or in part, due to Plaintiff's failure to mitigate the alleged damages, if any, which it claims to have sustained, and recovery should be barred or diminished accordingly.

**FOURTH AFFIRMATIVE DEFENSE**

5. As a separate and fourth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that after the dates of the transactions alleged in Plaintiff's Amended Complaint, an account was stated between Plaintiff and Defendant(s), which amount is different from that claimed by Plaintiff in his Amended Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

6. As a separate and fifth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred from prosecuting the purported causes of action set forth in the Amended Complaint because Plaintiff, and/or the persons and/or entities acting on its behalf, consented to and acquiesced in the subject conduct by mutually agreeing to amend, modify, and not enforce the terms of the contracts referenced in the Amended Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

7. As a separate and sixth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Amended Complaint by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

8. As a separate and seventh affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on his behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Amended Complaint because of a failure of the

Plaintiff, and/or the persons and/or entities acting on his behalf, to perform all or any conditions, whether precedent, concurrent and/or subsequent, covenants, and/or promises on their part to be performed as between the parties herein.

**EIGHTH AFFIRMATIVE DEFENSE**

9. As a separate and eighth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that the claims are barred by applicable statutes of limitation.

**NINTH AFFIRMATIVE DEFENSE**

10. As a separate and ninth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that the contract documents contain a default penalty provision, which exceeds the maximum interest rate permitted by law and is designed to punish the Defendants and therefore constitutes an unenforceable penalty.

**TENTH AFFIRMATIVE DEFENSE**

11. As a separate and tenth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that the claims therein are barred by the doctrine of *in pari delicto*.

**ELEVENTH AFFIRMATIVE DEFENSE**

12. As a separate and eleventh affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on its behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Amended Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

**TWELFTH AFFIRMATIVE DEFENSE**

13. As a separate and twelfth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff and/or the persons and/or the entities acting on Plaintiff's behalf, the Defendants have been damaged. As a result, the Defendants are entitled to an offset against any sums found owing to the Defendants from Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

14. As a separate and thirteenthfirst affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Amended Complaint by the doctrine of unclean hands.

**RELIEF REQUESTED**

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief and specifically to the relief requested and Defendants request relief as follows:

15. That Plaintiff's Amended Complaint be dismissed with prejudice in its entirety; and denial of any and all relief and prayers for damages to Plaintiff;

16. That judgment be entered in favor of Defendants and that Defendants be awarded costs to the extent provided by law, and attorneys' fees; and

17. Any such further or other relief as the Court may deem just and proper.

*(signatures on following page)*

DSWC INC. and CCSAC INC.

*/s/ James R. Harvey, III*
James R. Harvey (Atty Id. 1006100006)
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: 757-446-8600
Facsimile: 757-446-8670
Email: James.Harvey@woodsrogers.com

Tyler R. Dowdall, (*Pro Hac Vice* forthcoming)
Tarter Krinsky & Drogin LLP
1880 Century Park East, Suite 1104
Los Angeles, California 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465
Email: tdowdall@tarterkrinsky.com

*Attorneys for Defendants*