IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOTTOM LINE CONCEPTS, LLC,

Plaintiff,

v. Civil Action No.: 8:26-cv-02200-PX

DSWC INC.,
CCSAC INC.,

Defendants.

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM**

## INTRODUCTION

Defendants respectfully request leave to file a first amended answer and counterclaim. Pursuant to Local Rule 103, counsel requested that Plaintiff consent to the filing of an Amended Answer and Counterclaims. Counsel for Plaintiff refused.

The basis for the Motion is that Plaintiff has sued to collect a commission to which it is not entitled. Plaintiff prepared tax documentation for Defendants without a license, in violation of state law. Because Plaintiff was not licensed, it is not entitled to claim any commission or payment. To the contrary, Plaintiff must pay Defendant civil penalties and disgorge all fees it has collected.

## BACKGROUND

Plaintiff filed its case in Maryland state court on April 17, 2026. On June 2, 2026, Defendants removed the litigation to this Court, and filed a Motion to Dismiss. Rather than oppose the Motion to Dismiss, Plaintiff amended its Complaint to plead around the deficiencies highlighted in the Motion to Dismiss. Defendants then answered the Complaint.

On September 2, 2026, this Court issued a Scheduling Order, setting October 19, 2026, as the last day to seek leave to amend or to add new parties.

After issuance of the Scheduling Order, and in preparation for a private mediation scheduled for November 9, 2026, Defendants conducted further analysis of Plaintiff's claims and discovered that there are material legal deficiencies in Plaintiff's claims which may not only warrant a Rule 56 Motion, but which may also compel Plaintiff to disgorge all fees it has collected from Defendants (along with non-party signatories to the underlying contract).

**ARGUMENT**

The Court should grant Defendants' motion for leave to amend. There is no undue delay or prejudice to Plaintiff from Defendants' proposed amendments. There has been no discovery. Rule 26 disclosures have not been served. (Dowdall ¶ 7.) October 19, 2026, is the last day to bring the instant motion, so it is timely pursuant to the Court's Scheduling Order (ECF 20). (Dowdall ¶ 6.) The case is in its infancy, and that a few months has passed between the time that Defendants filed their Answer and bring the instant Motion is not a proper basis for its denial.

Rather, "[p]arties are routinely permitted to amend pleadings well after suit has been filed." *Howard v. Gutierrez*, 237 F.R.D. 310, 312 (D.D.C. 2006). Courts in this District have granted leave to amend after far more substantial delays, even in the midst of or after the close of discovery. *See, e.g.*, *Does I through III v. District of Columbia*, 815 F. Supp. 2d 208, 215 (D.D.C. 2011) (permitting amendment seven years after complaint filed, and after discovery and summary judgment motions); *Jiggetts v. Cipullo*, 285 F. Supp. 3d 156, 162 (D.D.C. 2018) (permitting amendment two years after initial complaint was filed and while discovery was ongoing); *Ellis v. Georgetown Univ. Hosp.*, 631 F. Supp. 2d 71, 80 (D.D.C. 2009) (permitting amendment one day before the close of discovery); *compare, e.g.*, *Bode & Grenier, LLP v. Knight*, 808 F.3d 852, 860 (D.C. Cir. 2015) (undue delay where "motion to amend arrived four years after litigation began, one year after summary judgment motions were decided, eight months after filing an amended answer and only days before trial").

Plaintiff cannot demonstrate that it suffers any prejudice from the proposed amendment. *See Atchinson*, 73 F.3d at 426 (prejudice to non-movant should be considered in determining whether delay is undue). An amendment is not prejudicial merely because it causes the non-

movant inconvenience or to expend additional resources. *Jiggetts*, 285 F. Supp. 3d at 162-63. Instead, Defendants "must show that [they were] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which [they] would have offered had the amendments been timely." *In re Vitamins Antitrust Litig.*, 217 F.R.D. 30, 32 (D.D.C. 2003) (internal quotation marks omitted); *see also City of Moundridge v. Exxon Mobil Corp.*, 250 F.R.D. 1, 6 (D.D.C. 2008) (explaining that "[u]ndue prejudice is not mere harm to the non-movant") (internal quotation marks omitted).

Here, Plaintiff cannot demonstrate any harm, much less meet this high prejudice threshold. Plaintiff's own contract precluded Defendants from discovering that Plaintiff was not licensed to prepare tax documentation, because of its non-circumvention provision. (Dowdall ¶ 9.) Not until counsel learned that tax documentation had been prepared by Plaintiff, and that such preparation was done without proper licensure, were Defendants alerted to the basis to invalidate the contract. (Dowdall ¶ 8, 9.) As noted above, discovery has not been taken, and the case is in its procedural infancy. There is more than sufficient time for Plaintiffs to prepare for trial, prepare for the mediation, and to respond to the Amended Answer and Counterclaims.

## CONCLUSION

For these reasons, the filing of the Amended Answer and Counterclaim is proper, and the Court should grant the Motion to Amend.

**WOODS ROGERS**
**VANDEVENTER BLACK PLC**

/s/______________________________
James R. Harvey (Atty Id. 1006100006)
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: 757-446-8600
Facsimile: 757-446-8670
James.Harvey@woodsrogers.com

Tyler R. Dowdall, (*Pro Hac Vice* forthcoming)

Tarter Krinsky & Drogin LLP
1880 Century Park East, Suite 1104
Los Angeles, California 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465
tdowdall@tarterkrinsky.com

*Attorneys for Defendants*