IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOTTOM LINE CONCEPTS, LLC,

Plaintiff,

v. Civil Action No.: 8:26-cv-02200-PX

DSWC INC.,
OAKLYFE LLC,
CCSAC INC.,

Defendants.

**DECLARATION OF TYLER R. DOWDALL**

Pursuant to 28 U.S.C. §1746, I, Tyler R. Dowdall, on this 18th day of October, 2026, declare under penalty of perjury that the following is true and correct:

1. I am over age of 18 and competent to provide this Declaration.

2. I am outside Litigation Counsel for Defendants CCSAC Inc., and DSWC, Inc. (collectively, the "Defendants"). I intend to apply pro hac vice to appear as lead trial counsel in the instant action. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

3. This Declaration is based upon my personal knowledge and upon the information contained in records and documents of the Defendants, which I have personally reviewed.

4. Attached hereto as Exhibit A is a true and correct copy of Defendants' Proposed Amended Answer and Counterclaims (the "Amended Answer").

5. I prepared a redline comparison of the Answer to the Amended Answer, a true and correct copy of which is attached hereto as Exhibit B.

6. October 19, 2026, is the last day to bring the instant motion, so the request for leave to amend is timely pursuant to the Court's Scheduling Order (ECF 20).

7. No discovery has been propounded in this case. Neither party made Rule 26 Initial Disclosures.

8. During the week of October 12, 2026, and in preparation for the upcoming November mediation, I learned facts that were previously unknown, namely, that Plaintiff prepared quarterly tax returns for the Defendants, and that Plaintiff is not licensed to do so, in either California or Maryland.

9. The underlying contract between Plaintiff and Defendants contains a non-circumvention clause, which provides that if Defendants seek other assistance, Plaintiff is entitled to its 30% commission. This provision prevented Defendants from discovering that Plaintiff is not licensed to prepare tax forms, or that it is against both California and Maryland law for an unlicensed person or entity to prepare tax forms.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 19, 2026.

Tyler R. Dowdall

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOTTOM LINE CONCEPTS, LLC,

Plaintiff,

v. Civil Action No.: 8:26-cv-02200-PX

DSWC INC.,
CCSAC INC.,

Defendants.

**FIRST AMENDED ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM**

Defendants DSWC INC. ("DSWC") and CCSAC INC ("CCSAC", collectively with DSWC known as the "Defendants"), by and through their counsel, hereby submit this First Amended Answer to Plaintiff's Amended Complaint (ECF 11), and state as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint and, therefore, deny those allegations.

2. Defendants admit that Defendant DSWC Inc. is a California corporation with its principal place of business located in the State of California.

3. Defendants admit that Defendant CCSAC Inc. is a California corporation with its principal place of business located in the State of California.

4. Defendants admit that the action was originally filed in the Circuit Court for Montgomery County, Maryland, and that Defendants filed a Notice of Removal.

5. Paragraph 5 of the Amended Complaint refers to and purports to quote a written document, the terms of which speak for itself, and Defendants defer to the terms of the document. Defendants deny that Plaintiff's summary of the terms of the document are accurate.

6. Paragraph 6 states a legal conclusion as to which no response is required. To the extent that a response is required, Defendants deny the allegations.

7. Defendants deny the allegations of paragraph 7 of the Amended Complaint.



Exhibit A

8. Defendants deny the allegations of paragraph 8 of the Amended Complaint.

9. Defendants deny the allegations of paragraph 9 of the Amended Complaint.

10. Defendants admit the allegations of paragraph 10 of the Amended Complaint.

11. Defendants deny the allegations of paragraph 11 of the Amended Complaint.

12. Defendants deny the allegations of paragraph 12 of the Amended Complaint. Defendants deny that Plaintiff has any contractual right to demand that Defendant DSWC complete an IRS Form 8821.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the delayed discovery allegations of paragraph 13 of the Amended Complaint and, therefore, deny them. Defendants deny that Plaintiff is owed a consulting fee.

14. Defendants deny the allegations of paragraph 14 of the Amended Complaint.

15. Paragraph 15 of the Amended Complaint refers to and purports to quote a written document, the terms of which speak for itself, and Defendants defer to the terms of the document. Defendants deny that Plaintiff's summary of the terms of the document are accurate.

**PRAYER FOR RELIEF**

16. In response to the Prayer for Relief in the Amended Complaint, including the Wherefore clause and all subparagraphs, the Defendants deny that Plaintiff has any claims or is entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

1. Defendants incorporate by reference the foregoing paragraphs in their entirety and assert the following affirmative defenses to the claims set forth in the Amended Complaint. Defendants reserve the right to allege additional Affirmative Defenses as they become known, and accordingly, to amend this Answer.

**FIRST AFFIRMATIVE DEFENSE**

2. As a separate and first affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that the Amended Complaint fails

to state a claim upon which relief may be granted. In particular, the Amended Complaint fails to provide sufficient factual support for any of the claims from which the Court could conclude that Defendants are liable for any claim.

**SECOND AFFIRMATIVE DEFENSE**

3. As a separate and second affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that the Amended Complaint is barred, in whole or in part, by the doctrines of acquiescence, waiver, estoppel, laches, and/or the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

4. As a separate and third affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that the Amended Complaint is barred, in whole or in part, due to Plaintiff's failure to mitigate the alleged damages, if any, which it claims to have sustained, and recovery should be barred or diminished accordingly.

**FOURTH AFFIRMATIVE DEFENSE**

5. As a separate and fourth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that after the dates of the transactions alleged in Plaintiff's Amended Complaint, an account was stated between Plaintiff and Defendant(s), which amount is different from that claimed by Plaintiff in his Amended Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

6. As a separate and fifth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred from prosecuting the purported causes of action set forth in the Amended Complaint because Plaintiff, and/or the persons and/or entities acting on its behalf, consented to and acquiesced in the subject

conduct by mutually agreeing to amend, modify, and not enforce the terms of the contracts referenced in the Amended Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

7. As a separate and sixth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Amended Complaint by the doctrine of estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

8. As a separate and seventh affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on his behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Amended Complaint because of a failure of the Plaintiff, and/or the persons and/or entities acting on his behalf, to perform all or any conditions, whether precedent, concurrent and/or subsequent, covenants, and/or promises on their part to be performed as between the parties herein.

**EIGHTH AFFIRMATIVE DEFENSE**

9. As a separate and eighth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that the claims are barred by applicable statutes of limitation.

**NINTH AFFIRMATIVE DEFENSE**

10. As a separate and ninth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that the contract documents contain a default penalty provision, which exceeds the maximum interest rate permitted by law and is designed to punish the Defendants and therefore constitutes an unenforceable penalty.

**TENTH AFFIRMATIVE DEFENSE**

11. As a separate and tenth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that the claims therein are barred by the doctrine of *in pari delicto*.

**ELEVENTH AFFIRMATIVE DEFENSE**

12. As a separate and eleventh affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff, and/or the persons and/or entities acting on its behalf, Plaintiff is barred from prosecuting the purported causes of action set forth in the Amended Complaint because the acts and/or omissions alleged in the Complaint were justified and/or excused.

**TWELFTH AFFIRMATIVE DEFENSE**

13. As a separate and twelfth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that by virtue of the acts of the Plaintiff and/or the persons and/or the entities acting on Plaintiff's behalf, the Defendants have been damaged. As a result, the Defendants are entitled to an offset against any sums found owing to the Defendants from Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**

14. As a separate and thirteenthfirst affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Amended Complaint by the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

15. As a separate and fourteenth affirmative defense to the Amended Complaint and each purported cause of action contained therein, Defendants allege that Plaintiff is barred in whole or in part from prosecuting the purported causes of action set forth in the Amended Complaint

because the underlying contract is void and illegal as a matter of law. Pursuant to applicable law, Plaintiff may not prepare and submit tax forms absent proper federal and state licensure and registrations, which Plaintiff lacks, and is therefore prohibited from accepting or collecting any fees.

## RELIEF REQUESTED

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief and specifically to the relief requested and Defendants request relief as follows:

16. That Plaintiff's Amended Complaint be dismissed with prejudice in its entirety; and denial of any and all relief and prayers for damages to Plaintiff;

17. That judgment be entered in favor of Defendants and that Defendants be awarded costs to the extent provided by law, and attorneys' fees; and

18. Any such further or other relief as the Court may deem just and proper.

## COUNTERCLAIM

Counterclaimants CCSAC Inc. and DSWC Inc., through its counsel, as and for its counterclaims against Plaintiff and Counterclaim Defendant Bottom Line Concepts, LLC ("BLC") alleges as follows:

## NATURE OF THIS ACTION

1. CCSAC Inc. and DSWC Inc. seek injunctive relief and monetary damages for BLC's illegal and void tax refund scheme, under which BLC, without proper licensure or registration, assisted with and filed tax returns on behalf of CCSAC and DSWC in exchange for a percentage of the tax refunds received by CCSAC and DSWC.

2. BLC lacks proper state or federal licensure, registration, and/or certification to prepare or file any tax return documentation. Absent such proper licensure and certifications, BLC is not entitled to collect a fee from the Counterclaim Defendants in exchange for its assistance in preparing tax returns and, further, must disgorge any and all fees it has collected to-date.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over the subject matter of this counterclaim pursuant to

4. Venue is not proper in Maryland, but is proper in California, where Defendants and Counterclaim parties reside. The underlying contract between the parties is void due to illegality, and even if enforceable, the venue provision is permissive, not mandatory.

5. CCSAC Inc.is a California corporation with its principal place of business in the State of California. CCSAC has no business interests in the State of Maryland.

6. DSWC Inc. is a California corporation with its principal place of business in the State of California. DSWC has no business interests in the State of Maryland.

## PARTIES

7. Bottom Line Concepts LLC is a New York Limited liability company, and claims to operate throughout the United States. BLC further claims that its principal place of business is

Florida. BLC does not appear to maintain any connection with the State of Maryland, other than that its attorney is located there.

**FACTS GIVING RISE TO THIS ACTION**

8. On or about January 25, 2022, BLC and Counterclaimants entered into an agreement Dated January 25, 2022, under the terms of which BLC agreed to provide certain services in furtherance of helping the Counterclaimants obtain Employee Retention Credits (the "Agreement").

9. Specifically, BLC prepared tax forms for filing with the IRS that would enable the Counterclaimants to earn tax credits for keeping employees on payroll.

10. Counterclaim Defendants are both California companies. BLC marketed its services to California entities to assist with California-specific aid – the retention of California employees. Maryland lacks a substantial relationship to the parties of the transaction, and there is no other reasonable basis for the parties' choice of law. Further, choosing Maryland law for a California transaction would be contrary to the fundamental policy of California. California has a fundamental public policy to ensure its laws protect California entities and transactions in which California is materially interested. Maryland has no such interest here because the transaction at issue occurred in California, and Maryland has no such interest because transactions are of California taxpayers. Thus, the choice of law provision regarding selection of Maryland law should not be enforced.

11. BLC prepared tax documents for both Counterclaimants and filed such tax documents, without first obtaining mandatory licenses and registrations from both the Internal Revenue Service and from the State of California.

12. BLC collected commissions from Counterclaimants, and claims entitlement to further commissions.

13. BLC's actions are illegal and void.

14. California law requires anyone who, for a fee or for other consideration, assists with or prepares tax returns for another person or who assumes final responsibility for completed work

on a return and is not an exempt preparer (exempt preparers include Certified Public Accountants, Enrolled Agents, Attorneys, and certain Banking and Trust Officials) to register as a tax preparer with the California Tax Education Council (CTEC), and maintain a bond. The California State Legislature created the CTEC to promote competent tax preparation within the state. These requirements are codified within the California Business and Professions Code §§ 2250-22259.

15. In the alternative, Maryland law requires that a tax preparer be properly licensed by the State and IRS and further provides that anyone who, for a fee or for other consideration, assists with or prepares tax documentation without being properly licensed or registered to provide tax preparation services, is guilty of a misdemeanor and is subject to a fine.

16. BLC is not an exempt preparer under California law. BLC is not an exempt preparer under Maryland law.

17. BLC prepared certain tax paperwork on behalf of Counterclaimants to help Counterclaimants obtain an Employee Retention Credit. Specifically, BLC prepared and completed IRS Form 941-X on behalf of both Counterclaimants. BLC's tax work was undertaken in violation of federal law, California law and, in the alternative, in violation of Maryland law, and consequently, BLC is prohibited from accepting payment for its work because it was done illegally and without proper licensure.

18. Pursuant to California law, Business and Professions Code section 22257, "If a tax preparer fails to perform a duty specifically imposed upon him or her pursuant to this chapter, any person may maintain an action for enforcement of those duties or to recover a civil penalty in the amount of one thousand dollars (1,000), or for both enforcement and recovery." Further, "In an action to enforce these duties or to recover civil penalties, or for both enforcement and recovery, the prevailing plaintiff shall be entitled to reasonable attorney's fees and costs, in addition to the civil penalties provided under subdivision (a)."

19. Further, violations of the CTEC requirements are a criminal act: "A person who violates a provision of this chapter is guilty of a misdemeanor, which offense is punishable by a fine not exceeding one thousand dollars (1,000), or by imprisonment in a county jail for not more

than one year, or by both." Bus. and Prof. Code § 22256. BLC is not entitled to violate California law and commit a criminal act, and maintain that it is entitled to collect a commission, along with monthly interest accruals on top of the commission.

20. Under Maryland law, "(1) An income tax return preparer may not willfully prepare, assist in preparing, or cause the preparation of an income tax return or claim for refund without being properly licensed or registered to provide income tax preparation services in the State. (2) A person who violates paragraph (1) of this subsection is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $5,000 for each violation." MD Tax Gen. Code § 13-1004.

21. Without proper licensure and registration, BLC is prohibited from collecting any fee for tax preparation services.

22. BLC is obligated to disgorge its illegally collected commissions and fees. BLC has illegally collected $57,910.73 from DSWC, and claims entitlement to collect an additional $70,618.34, plus interest and attorneys' fees. BLC further claims entitlement to commissions of $356,892.69 from CCSAC, plus interest and attorneys' fees.

## FIRST COUNTERCLAIM

### Fraud

23. Counterclaimants repeat, reallege, and incorporate by reference Paragraphs 1 through 22 of this Counterclaim as if fully set forth herein.

24. Counterclaimants and BLC entered into the Agreement, under the terms of which BLC agreed to provide tax consulting and preparation services in furtherance of assisting Counterclaimants obtain Employee Retention Credits. In doing so, Counterclaimants reasonably relied upon BLC's representations that it was lawfully able to provide such services.

25. BLC's Agreement includes non-circumvent provisions designed to prevent Counterclaimants from consulting any other tax professionals, which prevented Counterclaimants from discovering the BLC was not lawfully permitted to prepare tax forms on behalf of Counterclaimants in exchange for a fee.

26. BLC represented that lawful services would be provided, including the preparation of tax forms in furtherance of obtaining Employee Retention Credits. BLC's representations were false, and BLC was not lawfully permitted to prepare or file any tax forms on behalf of Counterclaimants.

27. BLC has harmed Counterclaimants by roping them into an unlawful commission scheme whereby tax credits are re-directed to BLC, to the detriment of Counterclaimants, without a reasonable prospect of allowing the Counterclaimants an opportunity to solicit a second opinion as to the amount or merit of the Employee Retention Credit that Counterclaimants applied for.

28. When BLC made these representations to Counterclaimants, BLC knew them to be false, or BLC was reckless in not knowing them to be false and made the representations to deceive and defraud Counterclaimants, and to induce Counterclaimants to enter into the Agreement and make payments to BLC.

29. Counterclaimants, at the time of the representations, was ignorant of the falsity of the representations and believed them to be true. Counterclaimants have been harmed by BLC's misrepresentations and illegal actions.

30. Had Counterclaimants known the actual facts and law, they would not have entered into the Agreement with BLC, nor paid BLC any money.

31. As a direct and proximate result of BLC's misrepresentations, Counterclaimants have suffered damages in an amount to be proven at trial.

32. Counterclaimants are informed and believe and based on thereon allege that BLC's actions in connection with the above-described fraud were undertaken with fraud, oppression, and malice, and with the intent of depriving Counterclaimants of their rights and property, thus justifying an award of punitive and exemplary damages against BLC in a sum according to proof.

## SECOND COUNTERCLAIM

### Unfair Business Practices: Violation of California Business and Professions Code Section 17200 et seq. and/or the Maryland Consumer Protection Act

33. Counterclaimants repeat, reallege, and incorporate by reference Paragraphs 1

through 32 of this Counterclaim as if fully set forth herein.

34. California Business and Professions Code § 17200 prohibits any unlawful, unfair or fraudulent business act or practice. In the alternative, the Maryland Consumer Protection Act prohibits unfair, abusive, and deceptive trade practices.

35. By committing the conduct alleged herein, including without limitation providing tax preparation services, including but not limited to the preparation of tax forms for filing with the IRS to enable counterclaimants to seek an ERC refund, BLC acted in violation of California law.

36. Counterclaimants are direct victims of the prohibited acts by BLC described herein. Counterclaimants have and will continue to lose both money and property as a result of the same.

37. Counterclaim Defendant BLC knowingly and intentionally engaged in the conduct described in this Count (and as incorporated by reference), including, without limitation the illegal preparation of tax documentation without proper licensure or registration, and the inclusion of choice of foreign law provisions in order to illegally benefit themselves.

38. Absent injunctive and other relief available under applicable law, Counterclaimants will continue to suffer actual and irreparable harm, including the illegal deprivation of their rights as a California citizen.

39. By this Counterclaim, Counterclaimants seek recovery of their actual economic damages as well as an order of this Court enjoining BLC from continuing to engage in conduct rendered illegal by the unfair competition statute.

40. Counterclaimants are informed and believe that other clients of BLC are suffering and will continue to suffer the same or substantially similar actual and irreparable harm absent injunctive and other relief available under the unfair competition statute.

41. BLC never timely told Counterclaimants that its commission scheme was void under California law, because BLC lacked proper licensure and registration required to prepare tax documentation.

42. For the foregoing reasons, BLC's conduct constitutes an unfair and unlawful

business practice in violation of California Business and Professions Code § 17200, and must be restrained.

43. Counterclaimants also seek a determination that the Agreement is void and unenforceable.

44. Counterclaimants also seek preliminary and permanent injunctive relief prohibiting BLC from any further attempts to enforce these provisions, as well as reasonable attorney's fees as authorized by statute.

**THIRD COUNTERCLAIM**

**Unfair Business Practices: Violation of the Maryland Consumer Protection Act**

45. Counterclaimants repeat, reallege, and incorporate by reference Paragraphs 1 through 44 of this Counterclaim as if fully set forth herein.

46. The Maryland Consumer Protection Act prohibits unfair, abusive, and deceptive trade practices.

47. By committing the conduct alleged herein, including without limitation providing tax preparation services, including but not limited to the preparation of tax forms for filing with the IRS to enable counterclaimants to seek an ERC refund, BLC acted in violation of Maryland law.

48. Counterclaimants are direct victims of the prohibited acts by BLC described herein. Counterclaimants have and will continue to lose both money and property as a result of the same.

49. Counterclaim Defendant BLC knowingly and intentionally engaged in the conduct described in this Count (and as incorporated by reference), including, without limitation the illegal preparation of tax documentation without proper licensure or registration, and the choice of foreign law provisions in order to illegally benefit themselves.

50. Absent injunctive and other relief available under the unfair competition statute, Counterclaimants will continue to suffer actual and irreparable harm, including the illegal deprivation of rights.

51. By this Complaint, Counterclaimants seek recovery of their actual economic

damages as well as an order of this Court enjoining BLC from continuing to engage in conduct rendered illegal by the unfair competition statute.

52. Counterclaimants are informed and believe that other clients of BLC are suffering and will continue to suffer the same or substantially similar actual and irreparable harm absent injunctive and other relief available under the Maryland Consumer Protection statute.

53. BLC never timely told Counterclaimants that its commission scheme was void under Maryland law because BLC lacked proper licensure and registration required to prepare tax documentation.

54. For the foregoing reasons, BLC's conduct constitutes an unfair and unlawful business practice in violation of Maryland law and must be restrained.

55. Counterclaimants also seek a determination that the Consulting Agreement is void and unenforceable.

56. Counterclaimants also seek preliminary and permanent injunctive relief prohibiting BLC from any further attempts to enforce these provisions, as well as reasonable attorney's fees as authorized by statute.

## FOURTH COUNTERCLAIM

### Declaratory Relief

57. Counterclaimants repeat, reallege, and incorporate by reference Paragraphs 1 through 56 of this Counterclaim as if fully set forth herein.

58. There is a present and actual controversy between Counterclaimants and the Counterclaim Defendant regarding the Counterclaimants purported obligations to pay a commission or other fees, or any penalties due to claimed non-payment.

59. California law requires anyone who, for a fee or for other consideration, assists with or prepares tax returns for another person or who assumes final responsibility for completed work on a return and is not an exempt preparer register as a tax preparer with the California Tax Education Council (CTEC), and maintain a bond. In the alternative, Maryland law requires that a tax preparer to obtain and maintain proper licensure and registration.

60. BLC is not an exempt preparer under California law. BLC is not an exempt preparer under Maryland law.

61. BLC prepared certain tax paperwork on behalf of Counterclaimants to help Counterclaimants obtain an Employee Retention Credit, including but not limited to tax forms 941-X, titled "Adjusted Employer's Quarterly Federal Tax Return or Claim for Refund." BLC's tax work was undertaken in violation of California law and, in the alternative, in violation of Maryland law, and consequently, BLC is prohibited from collection payment, or any commissions, for its purported tax preparation work.

62. Counterclaimants seek a declaration that the Agreement is illegal and otherwise void, that Counterclaimants have no duty to pay any fees or commissions to BLC, and that BLC is obligated to disgorge all commissions and payments it has received from Counterclaimants.

**FIFTH COUNTERCLAIM**

**VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 22250 ET SEQ.**

63. Counterclaimants repeat, reallege, and incorporate by reference Paragraphs 1 through 62 of this Counterclaim as if fully set forth herein.

64. Pursuant to California law, Business and Professions Code section 22257, "…any person may maintain an action for enforcement of those duties or to recover a civil penalty in the amount of one thousand dollars (1,000), or for both enforcement and recovery."

65. Counterclaimants are entitled to recover civil penalties: "In an action to enforce these duties or to recover civil penalties, or for both enforcement and recovery, the prevailing plaintiff shall be entitled to reasonable attorney's fees and costs, in addition to the civil penalties provided under subdivision (a)."

66. Further, violations of the CTEC requirements are a criminal act: "A person who violates a provision of this chapter is guilty of a misdemeanor, which offense is punishable by a fine not exceeding one thousand dollars (1,000), or by imprisonment in a county jail for not more than one year, or by both." Bus. and Prof. Code § 22256. BLC is not entitled to violate California

law and commit a criminal act, and maintain that it is entitled to collect a commission, along with monthly interest accruals on top of the commission.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaimants pray for judgment against Bottom Line Concepts, and Does 1 through 10 inclusive, as follows:

(a) For compensatory damages, according in an amount to be determined at trial, but not less than the amount necessary to restore Counterclaimants' losses, plus interest thereon;

(b) For disgorgement of all commissions and fees paid to BLC in violation of applicable law;

(c) For civil penalties in a sum to be determined at trial;

(d) For attorney's fees as allowed by contract and/or statute;

(e) For costs;

(f) For prejudgment and post-judgment interest;

(g) For a judicial declaration cancelling Plaintiffs' obligations under the Agreement;

(h) For such other and further relief as the Court may deem just and proper.

*(signatures on following page)*

**WOODS ROGERS**
**VANDEVENTER BLACK PLC**

/s/ ________________________________
James R. Harvey (Atty Id. 1006100006)
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: 757-446-8600 / Facsimile: 757-446-8670
James.Harvey@woodsrogers.com

Tyler R. Dowdall, (*Pro Hac Vice* forthcoming)
Tarter Krinsky & Drogin LLP
1880 Century Park East, Suite 1104
Los Angeles, California 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465
tdowdall@tarterkrinsky.com

*Attorneys for Defendants*