IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BOTTOM LINE CONCEPTS, LLC,

Plaintiff,

v. Civil Action No.: 8:26-cv-02200-PX

DSWC INC.,
CCSAC INC.,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA**

## INTRODUCTION

Defendants move to transfer this case for improper venue pursuant to Federal Rule of Civil Procedure Rule 12(b)(3) and 28 U.S.C. § 1404(a). The Court should exercise its discretion to transfer the case pursuant to 28 U.S.C. § 1404(a) based on "the convenience of parties and witnesses."

Once transferred, Defendants will move to consolidate this action with litigation pending in the Northern District of California challenging the validity and enforceability of the underlying contract, pursuant to FRCP Rule 42.

## BACKGROUND

Plaintiff purports to bring a breach of contract claim based upon a contract dated January 26, 2022, under the terms of which Plaintiff claims that it is entitled to payment for assisting defendants obtain an Employee Retention Credit ("ERC"). Defendants are both California corporations, who operate exclusively within the State of California. All the tax preparation work that Plaintiff did was done for Defendants in California. No performance of any kind was rendered in Maryland, as Defendants are absolutely prohibited from engaging in any business operations outside the State of California.

Not a single Plaintiff nor Defense witness is based in Maryland. Plaintiff is a New York entity doing business in Florida, and Defendants are all California entities. The only connection with Maryland is the location of Plaintiff's counsel's office. The location of Plaintiff's counsel is not a factor weighed by the Court in determining whether venue is proper.

## ARGUMENT

### A. Standard on Motion to Transfer Venue

"Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer venue under Section 1404(a) is not a 'defense' that must be raised by pre-answer motion or responsive pleading." 14D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3829 (4th ed.). Section 1404(a) grants district courts discretion to transfer a case even though venue is proper "[f]or the convenience of parties and witnesses, in the interest of justice." "Courts assess motions to transfer venue according to an 'individualized, case-by-case consideration of convenience and fairness,'" balancing the private and public interests at stake. *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 89–90 (D.D.C. 2014) (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988), quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964). "The moving party bears the initial burden of establishing that transfer is proper." *Shinseki* at 89.

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). "To prevail on a motion to transfer venue under § 1404, `the defendant must show by a preponderance of the evidence' that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice." *Helsel v. Tishman Realty & Constr. Co., Inc.,* 198 F.Supp.2d 710, 711 (D. Md. 2002) (internal quotation omitted). *See also Lynch v. Vanderhoef Builders,* 237 F. Supp. 2d 615, 617 (D. Md. 2002); *Dicken v. United States,* 862 F. Supp. 91, 92 (D. Md. 1994). To satisfy this burden, the defendant should submit affidavits from witnesses and parties involved that explain the inconvenience and hardship it "would suffer if the case were

heard in the plaintiffs chosen forum." *Dow v. Jones,* 232 F. Supp. 2d 491, 499 (D. Md. 2002) (citing *Helsel,* 198 F. Supp. 2d at 712). Mere assertions of inconvenience or hardship, without more, are insufficient to sustain a motion to dismiss or to transfer pursuant to § 1404(a). *See Dow,* 232 F. Supp. 2d at 499; *Helsel,* 198 F. Supp. 2d at 712.

In deciding a motion to transfer venue under § 1404(a), the court must "weigh in the balance a number of case specific factors." *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988). In deciding whether a motion to transfer should be granted, courts are to consider the following: (1) the weight accorded the plaintiff's choice of venue, (2) witness convenience and access, (3) convenience of the parties, and (4) the interest of justice. *Board of Trustees, Sheet Metal Workers National Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F. Supp. 1253, 1256-62 (E.D. Va. 1988).

In addition, the Court must evaluate the presence and effect of a forum selection clause.

**B. <u>The Forum Selection Clause is Permissive, Not Mandatory</u>**

The underlying agreement does contain a forum selection clause. (ECF 11-1.) The presence of the clause does not mean it must be enforced.

The first step for the Court is to evaluate is whether the forum selection clause is permissive or mandatory. Use of phrases such as "shall" or "only", which are not present in the term here, are indicative of a mandatory venue provision. *See*, *Eisaman v. Cinema Grill Systems, Inc.,* 87 F. Supp. 2d 446, 449 (D. Md. 1999). Permissive clauses have been found where jurisdiction is permitted in one court without prohibiting jurisdiction through "specific language of exclusion." *IntraComm, Inc. v. Bajaj,* 492 F.3d 285 (4th Cir. 2007). Permissive clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere. "A general maxim in interpreting forum-selection clauses is that "an agreement *conferring* jurisdiction in one forum will not be interpreted as *excluding* jurisdiction elsewhere unless it contains specific language of exclusion." (*IntraComm.* at 290 citing, *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Imp. and Distrib., Inc.,* 22 F.3d 51, 53 (2d Cir. 1994) (emphasis in original) (internal quotations omitted).

Here, the underlying contract contains a venue clause stating, "The Parties agree to submit to the exclusive jurisdiction of any claim or dispute to be determined in the federal and state courts for Montgomery County, Maryland for any claim or dispute arising out of or relating to this Agreement and waive all objections to the selection of such venue." (ECF 11-1.)

The provision in question is poorly written, and the sentence structure leaves the parties guessing as to its actual meaning – its repeated use of the phrase "claim or dispute" renders it unclear as to what it actually means. The provision appears to indicate that the parties agree to confer jurisdiction on Montgomery County, Maryland, "of any claim or dispute to be determined in the federal and state courts", but without tying the "exclusive jurisdiction" to the second half of the provision stating that venue is proper "for any claim or dispute arising out of or relating to this Agreement." Jurisdiction and venue are not one and the same, and the lack of a clear venue provision – either in state courts, or federal courts – establishes that the clause is permissive, not mandatory. See, e.g., *Leroy v. Great Western United Corp*., 443 U.S. 173 (1979) (statute vesting jurisdiction with federal courts does not establish proper venue).

The clause does not preclude either party from pursuing relief in foreign jurisdictions – its use of the term "exclusive jurisdiction" does not precede the provision "for any claim or dispute arising out of or relating to this Agreement", but rather precedes the phrase "of any claim or dispute to be determined in the federal and state courts for Montgomery County, Maryland." The agreement to submit to the jurisdiction of state or federal courts, without selection of a specific venue, does not preclude either party from seeking relief in an alternative forum. (See, e.g., *Paper Exp., Ltd. v. Pfankuch Maschinen Gmbh*, 972 F.2d 753 (7th Cir. 1992) (interpreting and applying mandatory venue provision stating "the action shall be filed…")

The clause here does not employ the word "shall", nor does it say that litigation can "only" be brought in Maryland; rather, it is permissive in that it is an agreement to submit to the Maryland jurisdiction, and a waiver of a right to dismiss on the basis of the selection of forum, but without foreclosing alternative venues. *See*, *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.,* 106 F.3d 318 (10th Cir. 1997) (a permissive forum-selection clause example is: "The parties

agree that ... the courts of the State of Michigan shall have personal jurisdiction and that venue is proper...") The contract here provides multiple venue options (state or federal court), specifies a county for venue in which there is no federal court, includes a statement that the parties "agree" to submit to jurisdiction and a waiver in the event that such venue is selected, but without a clear prohibition of an alternative venue. In *Excell,* the provision said that any dispute "shall" be in a designated forum; here, the provision simply provides that the parties "agree submit to the exclusive jurisdiction" of various state or federal courts; there is no clear venue nor any prohibition on selection of an alternative venue. The absence of mandatory and exclusionary language absolutely precluding litigation from being filed in any other jurisdiction means that the language is permissive, and not mandatory. See, *Bae Systems Tech v. Republic of Korea's Defense*, 884 F.3d 463, 472 (4th Cir. 2018) (use of the word "shall" is not dispositive and may permit jurisdiction in one court without prohibiting jurisdiction in another, citing *IntraComm, Inc., supra,* 492 F.3d at 290.

**C. <u>The Forum Selection Clause is Unreasonable</u>**

Since the forum clause is permissive, and even if it is found to be mandatory, the Court may consider whether its enforcement is reasonable. Forum-selection clauses may not be binding upon a nonresident defendant if she or he has met the heavy burden of showing that its "enforcement would be unreasonable, unfair or unjust." [*M/S*] *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15 [92 S. Ct. 1907, 32 L.Ed.2d 513] (1972); *see also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 n. 14 [105 S. Ct. 2174, 85 L. Ed. 2d 528] (1985).

While it is true that forum selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be `unreasonable' under the circumstances," here, it would be manifestly unreasonable and unjust for this litigation to remain in Maryland. *M/S Bremen, supra,* 407 U.S. at 10. A forum selection clause is unreasonable if (1) it was the result of "fraud or overreaching"; (2) "trial in the contractual forum [would] be so gravely difficult and inconvenient [for the complaining party] that he [would] for all practical

purposes be deprived of his day in court"; or (3) "enforcement would contravene a strong public policy of the forum in which suit is brought[.]"

A clause is unreasonable if (1) it was the result of "fraud or overreaching"; (2) "trial in the contractual forum [would] be so gravely difficult and inconvenient [for the complaining party] that he [would] for all practical purposes be deprived of his day in court"; or (3) "enforcement would contravene a strong public policy of the forum in which suit is brought[.]" *Zapata, supra,* at 15-18.

**a. <u>The Contract is the Result of Fraud by BLC</u>**

The underlying contract at-issue was for Plaintiff to assist Defendants (and related companies) obtain Employee Retention Credits; in order for Plaintiff to provide these services it prepared tax documentation. ECF 11-1. Specifically, Plaintiff prepared IRS Form 941-X: Adjusted Employer's Quarterly Federal Tax Return on behalf of both Defendants to enable the Defendants to obtain tax refunds. Greenman Dec. ¶ 8. Plaintiff never told Defendants that Plaintiff lacked proper licensure or registration to prepare tax documents, under either Maryland or California law. Greenman Dec. ¶ 10.

Under Maryland law, a tax preparation license is required for anyone who prepares tax documentation, and the preparation of tax documentation without being properly licensed or registered is guilty of a misdemeanor and subject to a fine. MD Tax Gen. Code § 13-1004. Similarly, under California law, anyone who, for a fee or for other consideration, assists with or prepares tax returns must be registered and maintain a bond. California Business and Professions Code §§ 22250-22259.

Plaintiff's contract, under which is purported to illegally prepare tax returns, is fraudulent and cannot be enforced. Plaintiff never told Defendants that it was legally prohibited from performing the work that it was hired to do. Greenman Dec. ¶ 10. To the contrary, it represented that it would "implement its Deliverables to achieve Realized Benefits", i.e., it would pursue all "processes, procedures and/or initiatives provided by Bottom Line to Client in order to achieve Refunds." No disclosure was made to Defendants that Plaintiff could not lawfully perform under

its agreement, or that its performance was criminal under both California law (where defendants are citizens and exclusively operate) and under Maryland law. Plaintiff's lack of disclosure about its ability to lawfully perform, and that its performance was actually illegal under applicable state law, renders the contract fraudulent and invalid.

### b. **Trial in Maryland Will Deny Defendants of their Ability to Defend Themselves**

Neither Plaintiff nor Defendants have any contact with Maryland, of any sort. Greenman Dec. ¶ 8, 10. Defendants do no business in Maryland, have no offices or employees there, and have no contact with the state whatsoever. Id. ¶ 8. Similarly, Plaintiff appears to have no contact with Maryland – it is a New York entity which purports to maintain Florida as its principal place of business. ECF 11. No witnesses are located in Maryland, and Defendants will have no ability to subpoena witnesses to appear in a venue unconnected from the parties. Greenman Dec. ¶ 11-12. None of the parties have any contact with Maryland. Greenman Dec. ¶ 11-12. Plaintiff has no office or contact with the state of Maryland, beyond its chosen litigation counsel. ECF 11.

In fact, it appears that the only connection Plaintiff has with Maryland is that its attorney happens to be there. The location of counsel is not a factor in determining whether Maryland is a proper venue. The inability of the Defendants to adequately mount a defense, and the denial of any proper ability to compel witness attendance, establishes that the provision is unreasonable and should not be enforced. *Zapata, supra,* 407 U.S. at 15.

### c. **Maryland has a Public Policy Against Allowing Unlicensed People from Preparing Tax Documentation**

As noted above, Maryland has a law against allowing unlicensed persons, such as Plaintiff, from preparing tax returns. MD Tax Gen. Code § 13-1004. A contract purporting to allow an unlicensed person to prepare tax documentation and collect a fee violates Maryland law, and is unenforceable and void. Since Plaintiff is not entitled to enforce its contract under Maryland law, the provision for venue is Maryland is necessarily unenforceable.

**B. <u>The "Convenience Factors" Favor a Transfer of Venue to California</u>**

The decision whether to transfer venue under section 1404(a) is committed to the sound discretion of the trial court. *See Brock v. Entre Computer Ctr., Inc.,* 933 F.2d 1253, 1257 (4th Cir. 1991); s*ee also Stewart,* 487 U.S. at 29, 108 S. Ct. 2239 (§ 1404(a) intended "to place discretion in the district court to adjudicate motions for transfer according to an `individualized, case-by-case consideration of convenience and fairness'") (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S. Ct. 805, 11 L.Ed.2d 945 (1964)).

**a. Plaintiff's Choice of Forum**

Although a plaintiff's choice of forum is ordinarily accorded considerable weight, that weight is significantly lessened when none of the conduct complained of occurred in the forum selected by the plaintiff and said forum has no connection with the matter in controversy. See *Dicken v. United States,* 862 F. Supp. 91, 92-93 (D. Md. 1994) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 84 S. Ct. 805, 11 L.Ed.2d 945 (1964) and *Norwood v. Kirkpatrick,* 349 U.S. 29, 75 S. Ct. 544, 99 L. Ed. 789 (1955)). In the instant action, the contract performance and alleged breach occurred in California. Greenman Dec. ¶ 7, 8. Therefore, while Plaintiff's choice of Maryland (a state to which Plaintiff has no apparent connection) as a forum is entitled to some deference, that deference is limited where Plaintiff's performance is illegal under applicable law and the underlying contract is unenforceable due to Plaintiff's lack of proper licensure and registration.

**b. Witness Convenience and Access.**

Neither party has any presence or witnesses in Maryland. Greenman Dec. ¶ 8, 10, 11. No documents are kept in Maryland. Id. The Court has no ability to compel the attendance of witnesses – the Court's subpoena power is limited to 100 miles, and all the defense witnesses are in California – 3,000 miles away. Greenman Dec. ¶ 8, 10, 11. Plaintiff's witnesses may be in New York or Florida – also at a distance of more than 100 miles. ECF 11. Defendants will be materially prejudiced in their ability to present a case if they are unable to compel the attendance of witnesses at trial. Greenman Dec. ¶ 12.

**c. Convenience of the Parties**

As noted herein above, when considering a Motion to Transfer Venue pursuant to Section 1404(a), when evaluating the convenience factors, the Court may evaluate: "(1) the plaintiff's choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws." *Brown v. Stallworth,* 235 F. Supp. 2d 453, 456 (D. Md. 2002) (quoting *Choice Hotels Int'l, Inc. v. Madison Three, Inc.,* 23 F. Supp. 2d 617, 622, n.4 (D. Md. 1998) (internal citations omitted). The decision whether to transfer venue is committed to the sound discretion of the trial court. *See Brock v. Entre Computer Ctr., Inc.,* 933 F.2d 1253, 1257 (4th Cir. 1991). *See also Stewart,* 487 U.S. at 29, 108 S. Ct. 2239 (§ 1404(a) intended "to place discretion in the district court to adjudicate motions for transfer according to an `individualized, case-by-case consideration of convenience and fairness'") (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964)).

As noted herein, neither party has a presence in Maryland. Greenman Dec. ¶ 8, 10, 11, 12. It appears that the sole reason this venue was selected is because of the location of Plaintiff's counsel. ECF 11. Counsel's location is not a factor in favor of maintaining Maryland as venue.

Additionally, Defendants are located in Northern California. Greenman Dec. 8, 10, 11, 12. Any judgment entered in this court will need to be enforced in California, not Maryland. Greenman Dec. ¶ 13. Again, this factor favors a transfer of venue to California.

The factor evaluating local interest in having localized controversies settled at home also militates in favor of a transfer to California, because no part of the underlying transactions (completion of tax paperwork for California companies) took place in Maryland. Plaintiff is not based in Maryland, and nothing was sent to Maryland, and no performance was rendered in Maryland. Greenman Dec. ¶ 8, 10, 11, 12.

The factor evaluating appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action favors transfer to California, as the law applicable for California companies doing business solely in California must necessarily be California. The bizarre choice of law provision, selecting the law of a state in which none of the parties reside or do business, is likely unenforceable. Likewise, transfer to California will void any unnecessary problems with conflicts of laws.

**d. The Interests of Justice**

This last category of factors includes, *inter alia,* “the court's familiarity with applicable law.” *Board of Trustees, Sheet Metal Workers National Fund v. Baylor Heating & Air Conditioning, Inc.,* 702 F. Supp. 1253, 1260 (E.D. Va. 1988). Because the performance of the alleged occurred in California (along with related tort claims due to Plaintiff’s lack of licensing and registration to prepare tax returns for California citizens), that state's law should govern the validity and enforceability of the contract, and the culpability of BLC. While this Court certainly could preside over litigation involving California law, federal district judges sitting in California are better suited to interpret and apply California law. This is especially true since there is parallel litigation filed against BLC to invalidate the contract and recover commissions already paid to BLC in violation of California law. Greenman Dec., ¶ 14 at Ex. A. Thus, this factor heavily favors transfer. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508-09, 67 S. Ct. 839, 91 L. Ed. 1055 (1947) (noting public interest in having diversity cases tried in forum familiar with governing law).

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant the Motion and enter an order transferring venue to the Northern District of California.

**WOODS ROGERS VANDEVENTER BLACK PLC**

/s/______________________________
James R. Harvey (Atty Id. 1006100006)
Woods Rogers Vandeventer Black PLC
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: (757) 446-8600
Facsimile: (757) 446-8670
James.Harvey@woodsrogers.com

Tyler R. Dowdall, (*Pro Hac Vice* forthcoming)
Tarter Krinsky & Drogin LLP
1880 Century Park East, Suite 1104
Los Angeles, California 90067
Telephone: (424) 330-8580
Facsimile: (315) 512-1465
tdowdall@tarterkrinsky.com

*Attorneys for Defendants*