**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(GREENBELT DIVISION)**

| | | |
|---|---|---|
| BOTTOM LINE CONCEPTS, LLC<br><br>*Plaintiff*<br><br>vs.<br><br>DSWC INC., ET AL.<br><br>*Defendants* | ) | Case No. 8:26-cv-02200-PX |

**PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIM**

COMES NOW, Plaintiff, BOTTOM LINE CONCEPTS, LLC, by and through undersigned counsel, and responds to Defendants' Motion for Leave to File First Amended Answer and Counterclaim [ECF No. 26], and in support thereof states as follows:

1. Defendants seek leave to amend their Answer, and to file a Counterclaim, alleging that Plaintiff is not entitled to any fees pursuant to the parties' agreement, even though Defendants do not dispute having received Employee Retention Credits ("ERC") totaling over $1 million.[1]

2. Although Plaintiff acknowledges the liberal standard for amendment in this district, this Court should deny Defendants' request as any amendment would be futile. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) ("The law is well settled that leave to amend a pleading should be denied *only when*…the amendment would be futile") (emphasis in original) (internal citations omitted).

[1] Defendants allege that Plaintiff should be required to "disgorge all fees it has collected from Defendants." [ECF No. 26 at pg. 4]. Defendants make this conclusory statement although they cannot plausibly allege that Defendants have paid Plaintiff <u>any fees</u>.

3. Defendants' proposed Counterclaim, filed as [ECF No. 26-1 at pgs. 9-19] attempts to assert five (5) separate causes of action that, on their face, are meritless.

4. The parties' agreement [ECF No. 1-3 at pgs. 6-11] includes a mandatory choice of law clause providing that Maryland law governs the parties' relationship:

> This Agreement shall be governed by and construed in the accordance with the laws of the United States and the State of Maryland regardless of the substantive law that might otherwise govern under applicable choice-of-law principles.

5. The agreement also contains a mandatory venue selection clause providing that the exclusive venue for any disputes between the parties is in the federal and state courts for Montgomery County, Maryland:

> The Parties agree to submit to the exclusive jurisdiction of any claim or dispute to be determined in the federal and state courts for Montgomery County, Maryland for any claim or dispute arising out of or relating to this Agreement and waive all objections to the selection of such venue.

*Id*. at pg. 9 (emphasis added).

6. Against this backdrop, because none of the five claims set forth in the proposed Counterclaim have any merit, allowing Defendants to amend their responsive pleading to allow the proposed Counterclaim would be futile.

7. As to the First Counterclaim, Defendants allege a claim for fraud and contend they were harmed because Plaintiff roped "them into an unlawful commission scheme…without a reasonable prospect of allowing [Defendants] a opportunity to solicit a second opinion…" [Counterclaim at ¶ 27][2], and then in conclusory fashion state "[Defendants] have suffered damages." [¶ 31].

[2] All further references to the Counterclaim will be by paragraph number only.

8. To state a claim for fraud, a plaintiff must show "(1) a representation made by a party was false; (2) its falsity was known to that party or the misrepresentation was made with reckless indifference to trust; (3) the misrepresentation was made for the purpose of defrauding the plaintiff; (4) the plaintiff relied upon the misrepresentation and had the right to rely upon it with full belief of its truth; and (5) that the plaintiff suffered damage directly resulting from the misrepresentation." *Barr v. Flagstar Bank, FSB*, 303 F.Supp.3d 400, 415 (D.Md. 2018).

9. Although Defendants cannot satisfy any element of fraud and the claim would be subject to a Fed.R.Civ.P. 12(b)(6) dismissal, allowing the amendment would be futile since the proposed Counterclaim <u>does not allege</u> any damage. Putting aside Defendants have not, and cannot, allege that Plaintiff prevented Defendants from discussing the ERC claims with, or seeking assistance from, their professional advisors, Defendants also do not allege that they received less ERC than they otherwise would have if Defendants had discussed the claims with third-party advisors. Nor do Defendants allege that they have paid any fees to Plaintiff. As such, Defendants have not pled damages to advance a claim for fraud, and allowing the proposed Counterclaim would be futile.

10. As to the Second Counterclaim, Defendants assert unfair business practices under the California Business and Professions Code Section 17200, *et seq*. and/or the Maryland Consumer Protection Act. First, the Parties chose Maryland law to govern their relationship, and therefore Defendants cannot assert a claim under California law.

11. Moreover, Defendants' fanciful claims under the Maryland Consumer Protection Act (MCPA), Md. Code, Comm. Law, § 13-301, *et seq*. fail as a matter of law. The MCPA applies "to the subject matter of a <u>consumer contract</u>…in the same way [it applies] to <u>consumer</u>

goods and consumer services." § 13-101.1 (emphasis added). Since the Parties' relationship was, without dispute, of a business/commercial nature, the MCPA does not apply.

12. For the same reasons, Defendants' Third Counterclaim also asserted under the MCPA fails as a matter of law.

13. As to the Fourth Counterclaim, Defendants seek a declaratory judgment that they "have no duty to pay any fees or commissions" to Plaintiff. [¶ 62]. This is merely a defense to Plaintiff's breach of contract action and should not be permitted as an independent claim. Maryland courts have consistently held that declaratory judgments actions should not proceed when there is already a pending action involving the same parties and substantially the same issues. *See*, *e.g.*, *Simmons v. Maryland Management Company*, 253 Md.App. 655, 706 (2022), *citing Hanover Inv., Inc. v. Volkman*, 455 Md. 1, 4 (2017). In this circumstance, "the declaratory judgment action would serve no useful purpose." *Id*.

14. In *East v. Gilchrist*, 293 Md. 453, 461-62 (1982), the Court of Appeals, now the Supreme Court of Maryland, reasoned why a competing declaratory judgment claim on the same issue should be dismissed:

> In the present case, the defendants' 'counterclaim' admittedly sought the same relief as the plaintiffs' first prayer for relied, which was a declaration concerning the validity of § 311A. Because the defendants asked that § 311A be declared invalid, the 'counterclaim' was at best a defense or denial of the plaintiff's demand. It was not a demand for different relief than that contained in the plaintiffs' request for a declaratory judgment. Under the cases, it is settled that a mere denial of a plaintiff's demand or of a plaintiff's claimed right, however denominated, is not a counterclaim, and that a counterclaim must seek some type of different relief.

The Court explained that "[t]he label 'counterclaim' on [a] pleading does not transform what is really an answer by [a] defendant into a claim against an opposing party." *Id*.

15. Finally, Defendants' Fifth Counterclaim brought under California law likewise fails due to the parties' agreement that their relationship and any claims between them be governed by Maryland law.

WHEREFORE, for the above stated reasons, your Plaintiff, Bottom Line Concepts, LLC, respectfully requests that this Honorable Court deny Defendants leave to file an amended pleading.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Bradley T. Canter
Bradley T. Canter, Esquire (#18995)
2200 Research Boulevard, Suite 560
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
E-Mail: bcanter@roncanterllc.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of November, 2026, a copy of the foregoing was served by ECF/CM procedures to:

James Richard Harvey, III
101 W. Main Street, Suite 500
Norfolk, VA 23510
Jim.harvey@woodsrogers.com
*Attorney for Defendants*

Tyler R. Dowdall
1880 Century Park East, Suite 1104
Los Angeles, CA 90067
tdowdall@tarterkrinsky.com
*Attorney for Defendants*

/s/ Bradley T. Canter
Bradley T. Canter, Esq.